IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SCOTT BOOTH, et al. )<br>                Plaintiffs, )<br>                )<br>v.   )<br>   )<br>GRANT DAVIS, )<br>                Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 10-4010-KHV |
| DOROTHY SCHMITZ, et al. )<br>                Plaintiffs, )<br>   )<br>v.   )<br>   )<br>GRANT DAVIS, )<br>                Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 10-4011-KHV |
| KIMBERLY CARREL, )<br>                Plaintiff, )<br>   )<br>v.   )<br>   )<br>GRANT DAVIS, )<br>                Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 10-4124-KHV |
| PRUDENCE KIRKEGAARD, )<br>                Plaintiff, )<br>   )<br>v.   )<br>   )<br>GRANT DAVIS, )<br>                Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 10-4125-KHV |

**MEMORANDUM AND ORDER**

      This matter is before the Court on plaintiffs' Motion For Consolidation Of Cases For Trial (Doc. #289 in Case No. 10-4010, Doc. #267 in Case No. 10-4011, Doc. #243 in Case No. 10-4124 and Doc. #217 in Case No. 10-4125) filed August 14, 2015.  For reasons stated below, the Court

overrules plaintiffs' motion.

Plaintiffs in four separate cases seek consolidation for purposes of trial. Rule 42(a), Fed. R. Civ. P., permits a joint trial of actions involving a common question of law or fact. The Court exercises discretion in deciding whether to consolidate actions for trial. See Shump v. Balka, 574 F.2d 1341, 1344 (10th Cir. 1978). In doing so, the Court considers whether consolidation would best serve judicial economy. See C.T. v. Liberal Sch. Dist., 562 F. Supp.2d 1324, 1346 (D. Kan. 2008). The party seeking consolidation bears the burden to show that consolidation is appropriate. See Servants of Paraclete, Inc. v. Great Am. Ins. Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994).

In August of 2015, the Court set the four individual cases on different trial dockets.[1] Plaintiffs have not shown that consolidation would best serve judicial economy. The pretrial orders reflect significant overlap in the factual and legal issues in the four cases. Even so, plaintiffs in the four cases seek vastly different amounts in damages (ranging from $1,365,093.71 in Carrel to $3,393,437.12 in Kirkegaard) based on the unique facts of each case. Redacted Pretrial Order (Doc. #245) filed August 19, 2015 in Carrel, D. Kan. No. 10-4124 at 17; Redacted Pretrial Order (Doc. #219) filed August 19, 2015 in Kirkegaard, D. Kan. No. 10-4125 at 17. At this stage, it appears that liability and damages in each case will depend to a large extent on (1) defendant's specific representations to individual plaintiffs and (2) each plaintiff's underlying diagnoses, medical history and prognosis. In addition, based on the large disparity in the amount of damages sought in the four cases, a consolidated trial would prejudice defendant in the likely event that the Court admitted evidence in one case that it would ordinarily exclude in the three other cases. For these reasons, the

---

[1] The respective trial dates are November 7, 2016 in Schmitz, January 30, 2017 in Carrel, February 27, 2017 in Kirkegaard and May 30, 2017 in Booth.

Court overrules plaintiffs' motion for consolidation of the cases for trial.

**IT IS THEREFORE ORDERED** that plaintiffs' <u>Motion For Consolidation Of Cases For Trial</u> (Doc. #289 in Case No. 10-4010, Doc. #267 in Case No. 10-4011, Doc. #243 in Case No. 10-4124, and Doc. #217 in Case No. 10-4125) filed August 14, 2015 is **OVERRULED**.

Dated this 23rd day of March, 2016 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge