## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT BOOTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 5:10-CV-04010-SAC-KGG |
| | ) | |
| GRANT DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL ATTENDANCE OF PERSONS WITH SETTLEMENT AUTHORITY TO ATTEND MEDIATION

COMES NOW Defendant Grant Davis ("Davis"), and for his response to Plaintiffs' Motion to Compel Attendance of Persons With Settlement Authority to Attend Mediation (Doc. 216-1 *Sealed*, 08/08/14) and Plaintiffs' Memorandum in Support of Motion to Compel Attendance of Persons With Settlement Authority to Attend Mediation (Doc. 216-2 *Sealed*, 08/08/14) states that Davis is bringing the person with full settlement authority to the September 9, 2014, mediation. Further, Davis asks this Court to deny Plaintiffs' motion to the extent Plaintiffs' motion requests Davis to take any action beyond what he has already done pursuant to D. Kan. Rule 16.3.

In support of his response, Davis states:

## I.    BACKGROUND

The claims of Plaintiffs herein and the companion cases before this Court are based on the alleged legal malpractice of an individual attorney, Grant Davis, during his representation of them and/or their deceased family member, in the underlying litigation that originated in 2001-2002.[1]  As this Court knows, the underlying litigation involved the criminal dilution scheme of a

---

[1] *Boehmer, et al. v. Grant Davis,* USDC, District of Kansas, 5:11-cv-04059-RDR-KGS; *Booth, et al. v. Grant Davis,* USDC, District of Kansas, 5:10-cv-04010-RDR-KGS; *Carrel v. Davis,* USDC, District of Kansas, 5:10-cv-04124-RDR-KGS; *Kirkegaard vs. Davis,* USDC, District of Kansas, 5:10-cv-04125-RDR-KGS; *Schmitz, et al. v. Davis,*

pharmacist named Robert Courtney and whether or not certain suppliers of chemotherapy namely, Eli Lilly (Lilly) and Bristol Myers Squibb (BMS), could be held liable for those criminal acts in a case based on negligence. Plaintiffs, or the Decedent of Plaintiffs in each of the seven cases before this Court, elected to participate in the proposed Global Settlement in the underlying litigation. Plaintiffs allege that Davis damaged them by settling their claims or the claim of their Decedent, against Lilly and BMS for less than the claims were worth.

In compliance with the Court's Scheduling Order (Doc. 180, 05/23/14) the parties have agreed to participate in a mediation that is now set on September 9, 2014. Counsel for Plaintiffs was informed by Counsel for Davis that the insurance carrier with coverage for Plaintiffs' claim, is ███████████████, which was a member of the ███████████, which, in turn, was a member of the ████████. Plaintiffs' counsel has been provided in discovery the declarations of the policy reflecting ████████████ ("████████████") are all the same company with regard to the policy covering Davis for Plaintiffs' claims. Accordingly, Davis will have a representative from ████████████ with full settlement authority present at the mediation of September 9, 2014. Further, the Plaintiffs' counsel was informed of the total amount of remaining coverage limits for the mediation.

Plaintiffs' filed the pending motion to compel the attendance of nonparty insurers[2] who have maintained that they have no coverage for Plaintiffs' claims. Plaintiffs' argue that D. Kan. Rule 16.3 requires that this Court mandate the nonparty insurers participation in the mediation because: (1) plaintiffs' contend their alleged total of all Plaintiffs' claims exceed coverage of the acknowledged primary policy; (2) the nonparty insurers policies "are in play" in the litigation;

---

USDC, District of Kansas, 5:10-cv-04011-RDR-KGS *Waldon, et al. v. Davis,* USDC, District of Kansas, 5:11-cv-04060-RDR-KGS; and *Wille v. Davis,* USDC, District of Kansas, 5:11-cv-04121-RDR-KGS.
[2] The nonparty insurers are: ███████████████████████ ████████████████.

and, (3) Davis and the nonparty insurers that declined coverage have the burden to establish the nonparty insurers are "strangers to the case and not obligated to provide coverage."

## II.  D. KAN. RULE 16.3

The Court's May 23, 2014, Scheduling Order does not address the language of D. Kan. Rule 16.3 requiring persons with settlement authority to attend mediation and, also, providing a notice of mediation to interested nonparties.

D. Kan. Rule 16.3(2), entitled, Attendance at Mediation Session by Persons with Settlement Authority, states:

> Attendance by a party or its representative with settlement authority at the mediation is mandatory, unless the court orders otherwise. The purpose of this requirement is to have the party or representative who can settle the case present at the mediation. A unit or agency of government satisfies this attendance requirement if represented by a person who has, to the greatest extent feasible, authority to settle, and who is knowledgeable about the facts of the case, the governmental unit's position, and the procedures and policies under which the governmental unit decides whether to accept proposed settlements. The parties' attorney(s) responsible for resolution of the case must also be present.

D. Kan. Rule 16.3(3), entitled, Notice to Interested Nonparties, states:

> Attorneys must coordinate with the mediator and identify any nonparties who have an interest in the case (including, but not limited to, primary and excess liability insurance carriers, subrogees, and lienholders). The attorneys must provide written notice to all interested nonparties informing them of the date and location of the mediation and that their participation is strongly encouraged. A copy of such notice must be provided to all parties and the mediator.

## III.  COMPLIANCE WITH D. KAN. RULE 16.3 BY DAVIS

D. Kan. Rule 16.3 does not require that the Court mandate the nonparty insurers attend the mediation. D. Kan. Rule 16.3 does not require Davis to take any action beyond what he has already done pursuant to D. Kan. Rule 16.3(3).

Plaintiffs' have been notified that Davis, in compliance with D. Kan. Rule 16.3(2), will have in attendance at the September 9, 2014, mediation the persons required to attend the mediation: Davis, his attorney and a representative with settlement authority from the insurance

carrier for ██████████████. Further, Plaintiffs' have been notified by Davis, in compliance with D. Kan. Rule 16.3(3), that the nonparty insurers have been provided written notice informing the nonparty insurers of the date and location of the mediation and that their participation is strongly encouraged. (See August 11, 2014 Letter from Davis' Counsel to Plaintiffs' Counsel, attached Exhibit "A").

## VI.    ARGUMENTS AND AUTHORITIES

Plaintiffs' arguments do not support requiring this Court to mandate the attendance of the nonparty insurers. Plaintiffs' contention, that the total value of their claims exceeds coverage available of the insurer participating in the mediation, does not require nonparty insurers' presence under to D. Kan. Rule 16.3(2). Further, simply because the nonparty insurers, who maintain that they have no coverage, were identified in discovery in the production of policies (assuming that the production of policies is the meaning of Plaintiffs' statement that the nonparty insurers "are in play") does not provide a legal basis, under D. Kan. Rule 16.3(2), requiring the Court to compel their attendance at the mediation. In addition, D. Kan. Rule 16.3 does not put the burden on Davis, nor the nonparty insurers, to obtain a legal declaration that the nonparty insurers are not persons with settlement authority required to participate in the mediation nor interested nonparties that should attend the mediation.

Plaintiffs' contention that nonparty insurers "are in play" in this case is vague and ambiguous. Davis has provided Plaintiff with policies of insurance of the nonparty insurers who have denied coverage. Plaintiffs' prior effort to obtain privileged insurer-insured information and communications in this case has been denied by this Court. This Court entered its Memorandum and Order (Doc. 208, 07/17/14) denying Plaintiffs' motions to compel Davis full and complete responses to a request for production of documents that requested, "All correspondence between Defendant and any insurance company or its representatives relating to the claims made in this

lawsuit or denials of insurance of the claims made in this lawsuit, including any reservation of rights communications." Davis objected to the Plaintiffs' request and provided a privilege log. This Court's Memorandum and Order stated that Davis properly supported his privilege objection and that the Plaintiffs' request is objectionable because the plain language of the request seeks exclusively information that is shielded from discovery by Missouri's insurer-insured privilege. (Doc. 208, 07/17/14, Page 9). Further, the Memorandum and Order states, "Plaintiffs' request in these cases also encompasses communications relating to underlying litigation, which would necessarily encompasses an insured's duty to report or the insured's duty to defend or indemnify. For these reasons, the court sustains defendant's insurer-insured privilege objection to Request No. 3 and denies plaintiffs' motions to compel." *Id*. Clearly, the nonparty insurers are not "in play" such that their presence is required at the mediation under D. Kan. Rule 16.3(2) as Plaintiffs' contend in their motion to compel.

D. Kan. Rule 16.3(2) does not require that this Court mandate that the nonparty insurers must attend the mediation on September 9, 2014. Defendant appreciates that Plaintiffs are not seeking any sanctions with their motion to compel attendance of nonparty insurers; however, Plaintiffs have no basis to seek sanctions. There is no reason for the Court to impose any sanctions on Davis on the basis of this record.

The cases cited by Plaintiffs are inapplicable for the proposition that D. Kan. Rule 16.3 requires that this Court mandate the nonparty insurers attend the upcoming mediation or that Davis must take action beyond what is required under the Rule. Under D. Kan. Rule 16.3 Davis does not have to make any stipulations as is suggested by Plaintiffs. Nothing further is required of Davis.

In the case cited by Plaintiffs, *Lamastus v. Bethany Home Ass'n of Lindsborg*, 2006 WL 1360578, Judge Humphries denied sanctions, not because the party seeking sanctions failed to

ask the court to order attendance of a non-party (as stated by Plaintiffs' counsel), but instead because "Attendance is mandatory for a *party* unless the court orders otherwise. In contrast, "interested nonparties" are strongly encouraged to attend the mediation. See D. Kan. Rule 16.3(c)(3). The phrase "strongly encouraged" conveys that the nonparty has discretion whether to appear at the mediation.

Next, in the other case cited by Plaintiffs, *Turner v. Young*, 205 F.R.D. 592 (D. Kan. 2002), Judge James O'Hara attempted to provide guidance as to what, precisely, is meant by "attendance by a party representative with settlement authority."  In *Turner*, a lower-level insurance representative appeared at the mediation with a budget of $25,000 to settle the case. Id. at 593-94. At the outset, the scope of the mediation changed to include only some of the plaintiff's claims. Id. at 594. The insurance representative who attended was forced to call a higher-up to receive a new budget for the now smaller scope of litigation. Id. The court commented that the insurance representative who attended "is a paradigm example of the type of person who does not have the required settlement authority." *Id*. at 595. The court concluded that the higher-up in the insurance company should have attended the mediation instead and was the person with actual settlement authority. *Id*. The Court stated: "'Attendance' means to appear in person and participate directly, not to stand by or participate by telephone. "Settlement authority" means full, meaningful, authority. A person with settlement authority does not need to pick up the phone to call anyone else to find out whether he or she can go higher or lower. A person with settlement authority is "the" decision maker. He or she is the person who has authority to meet the other party's demand, even if he or she chooses not to do so." *Id*.

Finally, Plaintiffs reference the case of *Inter-Ocean Seafood Trader, Inc. v. RF Int'l, Ltd*., 2013 U.S. Dist. LEXIS 15312, 2013 WL 441065 (D. Kan. Feb. 5, 2013). This Opinion, written by Judge Gale, ordered sanctions to Plaintiff in the amount of $7,755.04 against the Defendant

for failing to have a representative with settlement authority attend the mediation.   In *Inter-Ocean*, the Defendant simply sent his attorney of record, Mr. deKlerk, who was authorized to settle claims on behalf of Defendant and Defendant's insurer, but because the attorney had to contact an insurer who was not present at the mediation for more authority to settle that attorney did not have full authority under D. Kan. Rule 16.3 as his "authority for settlement does have a monetary limitation." *Id*. at 3.

Plaintiffs' argument that the nonparty insurance carriers, and Davis, have the burden of proving the nonparty insurers are "strangers" to this case is not supported by D. Kan. Rule 16.3. Moreover, Plaintiffs' inviting other litigation to prove the nonparty carriers are not obligated to provide coverage does mean that the nonparty insurers are required to attend the September 9, 2014, mediation under D. Kan. Rule 16.3(2). Further, Plaintiffs' suggestion that Davis and/or the representative of his insurance carrier attending the mediation, ████████████████, must take any additional actions to overcome the inability to force the nonparty insurers' participation in the mediation has no basis under D. Kan. Rule 16.3(2).

Davis has notified the nonparty insurance carriers about the mediation in compliance with D. Kan. Rule 16.3(3). (See August 11, 2014 Letter from Davis' Counsel to Plaintiffs' Counsel, attached Exhibit "A"). Davis has done all that he is required to do under D. Kan. Rule 16.3. He does not need to take any other action, or make any stipulation, regarding the nonparty insurers attendance at the mediation.

## V.      CONCLUSION

D. Kan. Rule 16.3 does not compel the nonparty insurers who have declined coverage to attend the September 9, 2014 mediation. In compliance with the D. Kan. Rule 16.3(2), Davis is participating in the September 9, 2014, mediation with his attorneys and a representative of his insurer with coverage authority applicable to Plaintiffs' claims. Davis has communicated to the

nonparty insurers who have declined coverage about the opportunity to attend the mediation. Under D. Kan. Rule 16.3(3), Davis is not required to do anything more than informing the nonparty insurers of the date and location of the mediation and that their participation is strongly encouraged.

WHEREFORE Defendant Davis respectfully requests an Order from this Court denying Plaintiffs' Motion to Compel Attendance of Persons With Settlement Authority to Attend Mediation pursuant to D. Kan. Rule 16.3 to the extent Plaintiffs' motion requests Davis to take any action beyond what he has already done pursuant to D. Kan. Rule 16.3, and for any further orders and/or relief that this Court deems just and proper under the circumstances.

MORROW WILLNAUER KLOSTERMAN CHURCH, L.L.C.


By _____ /s/ James C. Morrow _____
         JAMES C. MORROW, #13509
         M. TODD MOULDER, #17540
Executive Hills East, Building A
10401 Holmes, Suite 300
Kansas City, Missouri 64131-3405
Telephone:    (816) 382-1382
Fax:         (816) 382-1383
Email:      jmorrow@mwklaw.com
         tmoulder@mwklaw.com

ATTORNEYS FOR DEFENDANT


I hereby certify that the above and foregoing was filed with the Clerk of the Court via ECF on this 20th day of August 2014, with a copy of the same being served via electronic mail (ECF) by the Clerk of the Court on this 20th day of August 2014, to:

William J. Skepnek
SKEPNEK LAW FIRM, P.A.
P.O. Box 226
1 Westwood Road
Lawrence, Kansas 66044-2226

Steven Smoot
SMOOT LAW FIRM, P.C.
440 Louisiana, Suite 1850
Houston, Texas 77002

Terry L. Unruh
Corlin J. Pratt
SHERWOOD, HARPER, DAKAN,
UNRUH & PRATT, LC
833 N. Waco, Suite 100
P.O. Box 830
Wichita, Kansas 67201

ATTORNEYS FOR PLAINTIFFS

*/s/ James C. Morrow*
JAMES C. MORROW