IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SCOTT BOOTH, KATIE MICHELLE BOOTH, COLTEN SCOTT BOOTH and BRIAN CORY BOOTH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 10-CV-4010-RDR-KGS |
| GRANT DAVIS, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL ATTENDANCE OF PERSONS WITH SETTLEMENT AUTHORITY TO ATTEND MEDIATION**

In support of Plaintiffs' Motion to Compel Attendance of Persons with Settlement Authority to Attend Mediation, they incorporate the following memorandum in support:

D. Kan. Rule 16.3 (c)(2) provides: "attendance by a party or its representative with settlement authority is mandatory…"  In *Lamastus v. Bethany Home Ass'n of Lindsborg*, 2006 WL 1360578, Not Reported in F.Supp.2d (D. Kan. 2006), Magistrate Judge Humphries denied sanctions against a party for non-compliance with Rule 16.3 (c)(2), observing that the attendance of a non-party whose presence was necessary to a meaningful mediation should have been brought to the Court's attention prior to the mediation.  In responses to requests for production of documents, Defendant has identified the listed carriers as having issued "insurance policies which [Defendant] claims provide coverage for [Plaintiffs'] lawsuits."  Consequently each of these insurance companies is either a "representative" of Defendant under Rule 16.3(c)(2) or is a non-party under Rule 16.3(c)(3) with an interest in the case whose presence is necessary to meaningful mediation.  From the outset, Plaintiffs wish to make clear to the Court that no

sanctions are being sought herein. To the contrary, Plaintiffs seek the necessary attendance of Defendant's representatives herein to facilitate a meaningful mediation.

This case arises from an aggregate settlement that totaled $75 million, including claims of more than 400 persons and families. Plaintiff has expert reports that value the outstanding claims of these Plaintiffs as having a collective value in excess of $24 million. It is obvious from the face of Defendant's liability insurance policies (totaling more than $30 million), produced in the discovery responses, that Defendant's various liability insurance carriers provided coverage for Defendant's significant potential liability arising from his representation of these Plaintiffs in the Eli Lilly and Bristol Meyers aggregate settlement.

Counsel for Plaintiffs has been informed by Counsel for Defendant that only one of the primary carriers, identified as the "Travelers" representative, with remaining coverage limits of $3.2 million, will be present at the mediation. The presence of the other listed carriers is essential because the total of all of Plaintiffs' claims greatly exceed coverage of the acknowledged primary policy. As such, the policies of The Bar Plan, Atlantic, Gulf, Landmark, Lexington, Admiral, and Philadelphia are in play and meaningful settlement discussions are not feasible without the presence of persons with full settlement authority.

Based upon the responses to Plaintiffs' discovery requests, it appears there is an unresolved coverage dispute between Defendant and one or more of the listed insurance carriers, and/or between several of these insurance carriers.[1] Nonetheless, as it currently stands, Defendant has acknowledged in his responses to discovery that each of these carriers has written policies for the relevant time periods for one or more of the claims of the Plaintiffs and has provided no indication that triggered coverage does not ensue.

---

[1] In communications between the parties, counsel for Defendant has not disputed the existence of a coverage dispute.

Rule 16.3(c)(2) has been applied in this district to include insurance carriers with actual coverage obligations. *Turner v. Young*, 205 F.R.D. 592 (D. Kan. 2002); *Inter-Ocean Seafood Trader, Inc. v. RF Intern., Ltd.,* Not Reported in F.Supp.2d (2013). This obligation is even memorialized in the standing order of the Chief Judge of this district wherein it is stated:

> An insurance company or other business must have a representative personally present who has complete authority to settle the case without having to check with anyone else.

This Court therefore, has the discretion to require the attendance at mediation of insurance carrier representatives with complete settlement authority.

Consequently, if Mr. Davis and the Travelers' representative lack the authority to bind The Bar Plan, Landmark, Lexington, Philadelphia, Atlantic, Gulf, and Admiral, which Plaintiffs believe to be the case, they will lack the requisite settlement authority that has been consistently required by this Court under its rules for the past 10 years. *Turner*, supra. As made clear in *Turner,* if the representative has to make a phone call he/she does not have the requisite authority. Thus, in light of the produced insurance policies that reflect coverage of these claims, if the listed insurance carriers do not agree to be present, prior to the mediation, it is incumbent upon these carriers, and Defendant, to establish they are strangers to this case and not obligated to provide coverage.

If there is no dispute between Defendant and any of these carriers concerning a declination of coverage, that lack of a dispute has not been established in this record. The issue can be resolved by a stipulation placed in the record by Defendant acknowledging his agreement there is no coverage, releasing the individual carrier from liability, and precluding Defendant from asserting liability against that carrier in any subsequent litigation. Or, if any of these insurance carriers have obtained a final judicial determination that it has no coverage responsibility it can produce such and be released from any obligation to attend the mediation.

In the absence of such a showing, however, in conformity with D. Kan. Rule 16.3, and the standing order of the Chief Judge, each of these carriers should be ordered to attend the mediation.

WHEREFORE, for the reasons set forth above and in Plaintiffs' motion, Plaintiffs pray that pursuant to D. Kan. Rule 16.3 the Court order each of the listed insurance carriers to send a representative to the September 9, 2014 mediation with complete settlement authority.

Respectfully submitted,

s/  Corlin J. Pratt
Corlin J. Pratt, #12213
Terry L. Unruh, #10084
Sherwood, Harper, Dakan,
Unruh & Pratt, LC
833 N. Waco, Suite 100
P.O. Box 830
Wichita, Kansas  67201
Telephone: (316) 267-1281
Facsimile:  (316) 267-4086
E-mail: corlin.pratt@sherwoodharper.com
E-mail: terry.unruh@sherwoodharper.com

William J. Skepnek, #10149
Skepnek Law Firm, P.A.
P.O. Box 2226
1 Westwood Road
Lawrence, Kansas  66044-2226
Telephone: (785) 856-3100
Facsimile: (785) 856-3099
E-mail: bskepnek@skepneklaw.com

Steven M. Smoot
Smoot Law Firm, P.C.
440 Louisiana, Suite 1850
Houston, Texas  77002
Telephone: (512) 626-3070
Facsimile: (713) 781-2235
E-mail:  ssmoot@smootlawfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of August, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

    James C. Morrow        jmorrow@mwklaw.com

    M. Todd Moulder        tmoulder@mwklaw.com


        s/ Corlin J. Pratt
        Corlin J. Pratt
        Bar No. 12213